**Paul BLOOM, Plaintiff—Appellee,**

v.

**ALASKA AIRLINES, Defendant—Appellant.**

**Paul BLOOM, Plaintiff—Appellant,**

v.

**Alaska Airlines, Defendant—Appellee.**

No. 01–55684, 01–55779.

D.C. No. CV–01–00325–RSWL.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 4, 2002.

Decided May 30, 2002.

Before PREGERSON, LEAVY and TROTT, Circuit Judges.

## MEMORANDUM *

Paul Bloom ("Bloom") brought nine causes of action against Alaska Airlines ("AA") in California Superior Court arising out of his confrontation with an AA flight attendant while he boarded a plane in Los Angeles bound for Mexico. AA removed the action to federal court on the ground that Bloom's claims were completely preempted by the Warsaw Convention ("Warsaw Convention" or "Convention").[1] AA then moved for summary judgment on all the claims.

The district court held that Bloom's claims for emotional distress were completely preempted and granted summary judgment on them. The district court rejected AA's argument that the Convention

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

**1.** *See* Convention for the Unification of Certain Rules Relating to International Transpor-

preempted the remaining claims and, electing not to exercise jurisdiction over these claims, remanded them to state court.

The parties appeal the portions of the district court's decision adverse to each of them. We have jurisdiction pursuant to 28 U.S.C. § 1291 and hold that the Warsaw Convention completely preempts and denies recovery for each of Bloom's claims. We therefore affirm in part, reverse in part, and remand.

## STANDARD OF REVIEW

We review grants of summary judgment de novo. *Carey v. United States*, 255 F.3d 1044, 1047 (9th Cir.2001). We review the district court's decisions concerning preemption de novo. *Nathan Kimmel, Inc. v. DowElanco*, 275 F.3d 1199, 1203 (9th Cir. 2002).

## DISCUSSION

I The Warsaw Convention

The Warsaw Convention governs actions arising from international air travel, and provides the exclusive remedy for conduct which falls within its provisions. *El Al Isr. Airlines, Ltd. v. Tseng*, 525 U.S. 155, 161, 119 S.Ct. 662, 142 L.Ed.2d 576 (1999). Article 17 of the Convention addresses claims for personal injury and provides that a carrier

> shall be liable for damage sustained in the event of the death or wounding of a passenger or any other bodily injury suffered by the passenger, if the accident which caused the damage so sustained took place on board the aircraft

---

tation by Air, Oct. 12, 1929, 49 Stat. 3000, T.S. No. 876 (1934), note following 49 U.S.C. § 40105. In this memorandum, citations to the Convention are to its official English translation. *See* 49 Stat. 3014–3023.

or in the course of any of the operations of embarking or disembarking.

49 Stat. 3018. An air carrier's liability under Article 17 arises only if (1) an accident (2) caused the passenger to suffer bodily harm, and (3) the accident took place on board the aircraft or during embarking or disembarking. *E. Airlines, Inc. v. Floyd,* 499 U.S. 530, 535–36, 111 S.Ct. 1489, 113 L.Ed.2d 569 (1991). "Article 17 does not allow recovery for purely mental injuries." *Id.* at 534, 111 S.Ct. 1489.

Article 24 evidences the Convention's exclusive role in remedying certain harms in air travel. Article 24, as amended by Montreal Protocol No. 4, reads in relevant part: "In the carriage of passengers and baggage, any action for damages, *however founded,* can only be brought subject to the conditions and limits set out in this Convention." S. Exec. Rep. No. 105–20, at 29 (emphasis added). Under this provision, "the Convention's preemptive effect is clear: The treaty precludes passengers from bringing actions under local law when they cannot establish air carrier liability under the treaty." *Tseng,* 525 U.S. at 174–75, 119 S.Ct. 662.

## II  Bloom's Claim For Intentional Infliction of Emotional Distress

■ Bloom concedes that he suffered no bodily injury during embarkment and that mental harm is not cognizable under the Convention. Bloom contends, however, that his claim for intentional infliction of emotional distress is not preempted because the Convention does not govern the commission of intentional and malicious torts that cause non-bodily harm.

We rejected an identical claim in *Carey,* where plaintiff brought an action for intentional infliction of emotional distress against United Airlines for damages arising out of his argument with a flight attendant. 255 F.3d at 1045. Carey alleged that because his claim arose out of intentional conduct, it fell outside the scope of the Convention. *Id.* at 1046. We rejected Carey's position, noting that the Warsaw Convention creates "no exception for an injury suffered as a result of intentional conduct." *Id.* at 1051. Accordingly, we held that the Warsaw Convention preempted and denied recovery for Carey's state law claims. *Id. Carey* compels the same result for Bloom's emotional distress claim.

## III  Bloom's Fraud, Breach of Contract, and Negligent Supervision Claims

■ Bloom's fraud and contract claims allege only *economic* harm, an injury seemingly outside the province of Article 17. Thus, Bloom believes that these actions were properly remanded because "the Convention's preemptive effect on local law extends no further than the Convention's own substantive scope." *Tseng,* 525 U.S. at 172, 119 S.Ct. 662. Bloom's position, however, fails to acknowledge our obligation to construe the Convention's reach with an eye towards its "cardinal purpose:" "to 'achieve uniformity of rules governing claims arising from international air transportation.'" *Id.,* at 169, 119 S.Ct. 662 (quoting *Floyd,* 499 U.S. at 552, 111 S.Ct. 1489). Courts are discouraged from adopting constructions of the Convention that would "encourage artful pleading by plaintiffs seeking to opt out of the Convention's liability scheme when local law promised recovery in excess of that prescribed by the treaty." *Tseng,* 525 U.S. at 171, 119 S.Ct. 662; *Dazo v. Globe Airport Sec. Servs.,* 268 F.3d 671, 679 (9th Cir. 2001) (recognizing "the need to avoid interpretations of the Convention which would permit plaintiffs to avoid its strictures").

Bloom's pleadings and statements at oral argument make abundantly clear that

his contract and fraud actions are indistinct from his claims for emotional distress because all arose from the same discrete event during embarkment. Therefore, these causes of action are preempted by the Warsaw Convention. Moreover, because Bloom admits he suffered no bodily injuries, the fraud and contract actions are not cognizable under the Convention and must be dismissed. Bloom's claims for unlawful business acts and unjust enrichment derive from the contract and fraud claims and, thus, are similarly unavailing.

As for Bloom's negligent supervision claim, we need note only that it is based on the mental trauma he allegedly suffered during his embarkment confrontation. Consequently, this claim is foreclosed by *Floyd, Tseng* and *Carey*.

AFFIRMED in part, REVERSED in part, and REMANDED with instructions to dismiss the action. Costs awarded to Alaska Airlines.